UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| ALEXANDER M. SAY, <br><br> Plaintiff, <br><br> v. <br><br> John Adams <br> *in his official capacity as* Commissioner <br> Kentucky State Police Headquarters <br> 919 Versailles Road <br> Frankfort, KY 40601 <br><br> Col. John Aubrey <br> *in his official capacity as* <br> Jefferson County Sheriff <br> Jefferson County Sheriff Department <br> 531 Court Place, Suite 604 <br> Louisville, KY 40202 <br><br> Defendants. | Civil Action No. 3:07CV377-R <br><br><br> **VERIFIED COMPLAINT** |

## INTRODUCTION

Plaintiff Alexander M. Say ("Mr. Say"), through his attorneys, hereby alleges as follows:

### NATURE OF ACTION

1. This is a 42 U.S.C. § 1983 case challenging Kentucky's statutory bar on resident aliens from obtaining licenses in order to legally carry a concealed deadly weapon.

### PARTIES AND JURISDICTION

2. Mr. Say is a resident of Jefferson, Kentucky, and is a resident alien lawfully admitted into the United States for permanent residence.

3.  Defendant John Adams in his official capacity as Commissioner of Kentucky State Police Headquarters is the Kentucky authority charged with issuing Kentucky Concealed Carry Licenses and is located in the Commonwealth of Kentucky.

4.  Defendant Col. John Aubrey in his official capacity as Jefferson County Sheriff of the Jefferson County Sheriff Department is located in Jefferson County and is the authority charged with accepting applications for Kentucky Concealed Carry Licenses to be sent to the Kentucky State Police. Jefferson County Sheriff Department is located in Jefferson County and is the local authority that disseminates information and applications for Kentucky Concealed Carry Licenses and is charged with accepting applications to be sent to the Kentucky State Police.

5.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Mr. Say's complaint arises under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

6.  Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) as all parties reside in Kentucky, a defendant resides in Jefferson County, and a substantial part of the events from which these claims arise occurred in the Western District of Kentucky.

## COMMON ALLEGATIONS OF LAW AND FACT

7.  Kentucky's Constitution grants all individuals the right to bear arms in defense of self and authorizes Kentucky's General Assembly to regulate the carrying of concealed deadly weapons. KY CONST. § 1.

8.  Kentucky's General Assembly requires Kentuckians to obtain a license in order to legally carry a concealed deadly weapon ("CCDW license"). § 1; KRS 237.110.

9. The Jefferson County Sheriff accepts applications from Jefferson County residents for CCDW licenses. http://www.jcsoky.org/ccdw.htm.

10. The Sheriff verifies that each application is accompanied by the required certificate of training and the necessary fees. http://www.jcsoky.org/ccdw.htm.

11. As described on the Jefferson County Sheriff's website: "NEW ! As of July 12, 2006, in accordance with House Bill 290 and the changes it made to KRS 237.110, anyone applying for a CCDW license or renewal must be a citizen of the United States. Therefore, applicants will need to fill out and sign a Citizenship Affidavit declaring citizenship to the United States, which will be attached to the application." http://www.jcsoky.org/ccdw.htm.

12. The Jefferson County Sheriff forwards only CCDW applications that are accompanied by the requisite training certificate, fees, and affidavit of U.S. citizenship to the Kentucky State Police ("KSP"). http://www.jcsoky.org/ccdw.htm.

13. Actions taken by the Jefferson County Sheriff Department constitute the Department's official policy.

14. Prior to a recent amendment, the KSP was required to issue a CCDW license to any applicant who:

    a. Was at least twenty-one years old;

    b. Was eligible to purchase, receive or possess firearms or ammunition under applicable federal and state law;

    c. Had been resident in Kentucky or served on active duty in Kentucky for the six months immediately preceding the filing of the application;

    d. Had not been committed or convicted for the abuse of a controlled substance in the three years immediately preceding the filing of the application;

e. Had not been committed or twice convicted for the use of alcohol in the three years immediately preceding the filing of the application; and

f. Had demonstrated competence with a firearm.

KRS 237.110(2) 2005 (superseded).

15.  On April 22, 2006, Kentucky's General Assembly amended KRS 237.110 with additional prerequisites for the issuance of a CCDW license. 2006 KY Act No. 240; Bill Tracking KY K.B. 290.

16.  Subsequent to Kentucky's 2006 amendment, a successful applicant for a CCDW license must meet all of the requirements as described in ¶ 13 above <u>and</u>:

g. <u>Must be a citizen of the United States of America</u>;

h. Must not be reported as in arrearage of child support or in defiance of a subpoena or warrant relating to child support or paternity proceedings; and

i. Must not have been convicted of certain criminal violations in the three years immediately preceding the filing of the application.

KRS 237.110(4) 2006 (emphasis added).

17.  Pursuant to a background check, KSP issues CCDW licenses to successful applicants who meet all of these prerequisites within 90 days.

18.  Mr. Say is a British national who has been a legal resident in Kentucky from April 1987 to August 1990, and from 1995 to the present.

19.  On or about July 6, 2006, Mr. Say contacted the Jefferson County Sheriff department in order to secure a CCDW license.

20.  Although the citizenship requirement was not to go into effect until July 12, 2006, Mr. Say was told by a representative of the Jefferson County Sheriff that he could not complete

the requirements before that date and that his application would not be approved due to the citizenship requirement.

21. Mr. Say was told by the representative that only a United States citizen was eligible to obtain a CCDW license.

22. That representative directed Mr. Say to the recent amendment in Kentucky's statute that added the requirement of U.S. citizenship to Kentucky's CCDW law and told Mr. Say not to waste his time and money applying for a license.

23. Mr. Say has incurred monetary damages as a result of his unsuccessful attempts to secure a CCDW license and the Jefferson County Sheriff's refusal to forward Mr. Say's application for a CCDW license.

24. Mr. Say was directed by the Sheriff's representative to the KSP for any further enquiries.

25. A representative of KSP assured Mr. Say that the statute requiring U.S. citizenship would be enforced and would prevent Mr. Say from successfully obtaining a CCDW license.

26. The KSP representative informed Mr. Say that even if he completed the requirements before the July 12th amendment implementation date, there was no guarantee that the permit would not be revoked subsequent to that date, and that even if it was not revoked, it would not be renewed upon expiration.

27. Mr. Say was dissuaded by that representative from applying for a CCDW license as he would be in effect throwing away the $60 application fee.

28. Over the past few years, Mr. Say has purchased several firearms and has never had any problems with the FBI background check and approval process.

29. Other than the citizenship requirement, there is no unfulfilled requirement that would prevent Mr. Say from obtaining a CCDW license.

30. Kentucky's General Assembly stipulates the necessity for statewide uniform standards for issuing licenses to carry concealed firearms and requires the law governing concealed carry licenses to be "liberally construed to carry out the constitutional right to bear arms <u>for self-defense</u>." KRS 237 (~~16~~) (19), 2006 KY Act No. 240 Sec 1 (emphasis added).

31. Kentucky may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONT. amend. XIV § 1.

32. Kentucky may not deny to any person constitutional rights under color of law.

33. The federal government has plenary power to control the entrance of foreigners into the United States.

34. There are no federal laws requiring United States citizenship as a prerequisite for an application for or the issuance of a license to purchase, carry, transport, or carry concealed a deadly weapon.

35. In light of Mr. Say's inability to obtain a CCDW license, he has suffered irreparable harm, and there is currently no adequate remedy at law that can redress this harm.

## **VIOLATION OF EQUAL PROTECTION OF THE LAW**

36. KRS 237.110(4), as amended to include the citizenship requirement discriminates based on alienage.

37. The citizenship requirement contained in the amended statute is unconstitutional as a denial of equal protection of the laws and is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

38. A controversy exists as to whether the recent amendment to Kentucky's statute that added the requirement of United States citizenship to Kentucky's CCDW law is constitutional.

39. A declaration from this Court would settle this controversy.

40. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

41. Mr. Say seeks a declaration that KRS 237.110, as amended, is unconstitutional.

42. In the absence of an injunction, the amended statute requiring United States citizenship would continue to be enforced and would prevent Mr. Say from successfully obtaining a CCDW license.

43. Mr. Say will continue to suffer irreparable injury if the Court does not issue an injunction.

44. There is no adequate remedy at law because only an injunction would allow Mr. Say the opportunity to apply for and subsequently secure a CCDW license.

**WHEREFORE**, Plaintiff Alexander Say requests that the Court:

A. Declare that the United States citizenship requirement contained in the KRS 237.110(4), as amended, denies Mr. Say equal protection of the laws;

B. Enter a declaratory judgment declaring the citizenship requirement of KRS 237.110 unconstitutional, and striking such requirement from the statute;

C. Grant Mr. Say any and all necessary injunctive relief so as to enable Mr. Say to apply for a CCDW license, and so that Mr. Say's application will be determined, processed, and issued without regard to his citizenship;

D. Award Mr. Say monetary damages against the Jefferson County Sheriff in an amount to be proven at trial;

E. Grant Mr. Say costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

F. Grant any further relief, in law or equity, as the Court deems just and appropriate.

Respectfully submitted,

/s/ Jack B. Harrison
Jack B. Harrison (88641)
FROST BROWN TODD LLC
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800
Fax: (513) 651-6981
Jharrison@fbtlaw.com
Attorney for Alexander Say, and
Cooperating Attorney for ACLU of Kentucky

OF COUNSEL:

David A. Friedman
William E. Sharp
ACLU of Kentucky
315 Guthrie Street, Suite 300
Louisville, Kentucky 40202
(502) 589-1001
dfriedman@ffgklaw.com
sharp@aclu-ky.org

Patricia A. Foster
Ali Razzaghi
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6730
(513) 651-6981 (facsimile)
pfoster@fbtlaw.com
arazzaghi@fbtlaw.com

## VERIFICATION OF COMPLAINT

STATE OF KENTUCKY    )

COUNTY OF JEFFERSON  )    SS:

I, Alexander M. Say, being duly cautioned and sworn, state that I am the Plaintiff in this action. To the extent I have personal knowledge of the matters alleged in the Complaint, I verify that the information is true and accurate to the best of my knowledge and belief.

*[signature]*

Subscribed and sworn to before me this 5th day of July, 2007.

*[signature]* Doris Jean Schmuckie
Notary Public

My Commission Expires April 23, 2010