UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:07CV377-R

*Electronically Filed*

ALEXANDER M. SAY, *et al.* )
)
    Plaintiff, )
)
vs. )
)
JOHN ADAMS, *et al.* )
)
    Defendants. )

\*\* \*\* \*\* \*\* \*\*
ANSWER OF JOHN (JACK) ADAMS
\*\* \*\* \*\* \*\* \*\*

    For his Answer to the Complaint, Kentucky State Police (KSP) Commissioner John (Jack) Adams (Commissioner Adams), in his official capacity states as follows:

    1.    In response to paragraph 1 of the Complaint, Commissioner Adams denies that he is a proper defendant in this action or that Plaintiff's asserted cause of action states a claim under 42 U.S.C. Section 1983.

    2.    Commissioner Adams is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

    3.    In response to the allegations contained in paragraph 3, Commissioner Adams admits that he is the Commissioner of KSP, and further admits that one of the statutorily assigned duties of KSP is to administer the Commonwealth of Kentucky's concealed carry deadly weapons license (CCDW) program.

4. The allegations set forth in paragraph 4 concern other defendants and therefore do not require a response from Commissioner Adams. Commissioner Adams however admits that John Aubrey is the Sheriff of Jefferson County, Kentucky. Commissioner Adams further states that the duties of county sheriffs with respect to the issuance of, and application for, CCDW licenses are set forth in KRS 237.110, and Commissioner Adams incorporates the relevant provisions of said statute by reference.

5. In response to paragraph 5-6, Commissioner Adams denies jurisdiction and venue are proper under the facts pled in the Complaint.

6. In response to paragraph 7, Commissioner Adams states the provisions of Section 1 of the Kentucky Constitution speak for themselves.

7. In response to paragraph 8, Commissioner Adams states the provisions of KRS 237.110 and Section 1 of the Kentucky Constitution speak for themselves.

8. In response to paragraphs 9-12, Commissioner Adams states that to the extent that the Jefferson County, Kentucky, Sheriff's website interprets the provisions of House Bill 290 and KRS 237.110, that the provisions and terms of each speak for themselves. Commissioner Adams further states that the statutory responsibility of sheriffs with respect to CCDW license application are addressed under the provisions of KRS 237.110 and the same are hereby incorporated by reference.

9. Paragraph 13 contains conclusions of law as opposed to allegations of fact and therefore require no response from Commissioner Adams.

10. In response to paragraphs 14-16 and all sub-paragraphs included thereunder, Commissioner Adams states that the provisions of KRS 237.110 prior to the 2006 amendments

thereto mandated by House Bill 290, and the provisions of KRS 237.110, as amended and currently in effect, speak for themselves.

11. Commissioner Adams admits the allegations contained in paragraph 17.

12. Commissioner Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18-22.

13. Commissioner Adams denies the allegations contained in paragraph 23.

14. Commissioner Adams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 24-29, however, he admits that the citizenship requirement for issuance of a CCDW license as required by the 2006 amendments to KRS 237.110 is being enforced by KSP.

15. In response to the allegations contained in paragraphs 30-31, Commissioner Adams states that the cited provisions of KRS 237.110 and the United States Constitution speak for themselves.

16. Paragraphs 32-34 contain conclusions of law as opposed to allegations of fact and therefore require no response from Commissioner Adams.

17. Commissioner Adams denies the allegations contained in paragraph 35.

18. In response to paragraphs 36-43, Commissioner Adams admits the allegations contained in paragraph 42, and denies the remaining allegations contained in said paragraphs.

19. Commissioner Adams denies each and every allegation not specifically admitted herein.

## DEFENSES

1. The Complaint fails to state a claim on which relief can be granted;

2. The Complaint is barred in whole or part by the applicable statute of limitations.

  3. Commissioner Adams possesses sovereign and qualified immunity from Plaintiff's claims.

  4. Plaintiff's claims are not ripe.

  5. Federal abstention principles dictate that this Court should abstain in this matter.

  6. Plaintiff has failed to mitigate his damages, if any.

  7. Commissioner Adams reserves the right to amend his Answer to assert any additional affirmative defenses that might become appropriate.

  WHEREFORE, having answered Commissioner Adams prays as follows:

  a. For dismissal of the Complaint, with prejudice;

  b. For his costs and attorneys' fees incurred herein; and

  c. For any and all other relief at law or in equity to which he may appear entitled.

        s/ Roger G. Wright_____
        Roger G. Wright
        Justice & Public Safety Cabinet
        Office of Legal Services
        c/o of Kentucky State Police
        919 Versailles Road
        Frankfort, Kentucky, 40601
        502-695-6345
        (Fax) 502-573-1636
        *rogerg.wright@ky.gov*, and

        Stephen D. Lynn
        Justice & Public Safety Cabinet
        Office of Legal Services
        c/o Department of Criminal Justice Training
        Funderburk Building
        521 Lancaster Avenue
        Richmond, Kentucky  40475-3102
        (859) 622-3073
        (Fax) (859) 622-5027
        *steve.lynn@ky.gov*

CERTIFICATE OF SERVICE

      I hereby certify that on August 6, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Jack B. Harrison.

                                               s/Roger G. Wright
                                               Counsel for John (Jack) Adams