UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-377-R

ALEXANDER M. SAY                                                                                PLAINTIFF

v.

JOHN ADAMS, et al.                                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff Alexander Say's Motion for Attorney Fees and Costs (Docket #31). Defendant John Adams has objected (Docket #32). Plaintiff has replied (Docket #35). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Attorney Fees and Costs is GRANTED in part and DENIED in part.

## BACKGROUND

This matter stems from a constitutional challenge to Kentucky's concealed weapon law, KRS § 237.110. Plaintiff challenged a provision of the law requiring applicants seeking to obtain licenses to carry concealed deadly weapons be citizens of the United States as unconstitutional under the Fourteenth Amendment's equal protection clause. Shortly after filing his complaint in federal court on July 17, 2007, Plaintiff moved for a preliminary injunction.

The Court granted Plaintiff's motion on March 14, 2008. Thereafter, Defendants moved to dismiss the action as moot based upon a 2008 amendment to the law that removed the citizenship requirement. Following negotiations between the parties, Plaintiff and Defendants jointly moved for a permanent injunction and an offer of judgment. On June 24, 2008, the Court granted the permanent injunction, thereby resolving the merits of the case, and allowed the parties additional time in which to file their motions regarding attorney fees and costs.

## ANALYSIS

Under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, the district court is authorized to award reasonable attorney fees to prevailing parties in civil rights actions.  As a preliminary matter, the Court must first determine whether Plaintiff is a prevailing party.  "[N]o fee award is permissible until the plaintiff has crossed the 'statutory threshold' of prevailing party status." *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 789 (1989).

A plaintiff is considered a prevailing party if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "'[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (quoting *Garland*, 489 U.S. at 792-93).  Here, Plaintiff has obtained a permanent injunction enjoining Defendants from enforcing the statutory provision limiting the issuance of carry concealed deadly weapon licenses to United States citizens.  The entry of a permanent injunction qualifies as an enforceable judgment on the merits that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiffs." *Deja Vu v. Metropolitan Government of Nashville and Davidson County*, 421 F.3d 417, 420 (6th Cir. 2005) (quoting *Farrar*, 506 U.S. at 111-12).  Furthermore, neither Defendant contests Plaintiff's prevailing party status.  Therefore, the Court finds that Plaintiff is a prevailing party entitled to an award of attorney fees and costs under 42 U.S.C. § 1988.

Attorney fee awards under 42 U.S.C. § 1988 are calculated in accordance with the "lodestar" method, requiring the Court to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  "[T]he fee

applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437.  In total, Plaintiff requests attorney fees in the amount of $54,900, which represents 252.1 hours expended at various hourly rates for work performed by five attorneys and one paralegal.  Defendant objects to both Plaintiff's proposed hourly rates and hours expended.  Plaintiff also requests, and Defendant objects, to costs in the amount of $2,193.87.

### A.  Friedman

Plaintiff requests a $300 hourly rate for 32.5 hours of work performed by attorney David A. Friedman.  Under the lodestar method, this calculates to $9,750 in attorney fees.  Friedman served as general counsel for the American Civil Liberties Union of Kentucky in this matter.  He has over thirty years of constitutional and civil rights litigation experience and is partner in the law firm of Fernandez Friedman Haynes & Kohn PLLC in Louisville, Kentucky.

Defendant makes several objections.  First, Defendant requests a reduction of $50 in Friedman's hourly rate.  Defendant bases this reduction on payment of historic, rather than current hourly rates.  Defendant cites *Elliot v. Metropolitan Life Ins. Co.*, No. 04-174-DLB, 2007 WL 4192001, at *4-5 (E.D. Ky. Nov. 13, 2007), to argue that the historic market rate for counsel in Louisville, Kentucky performing work in November 2007 was $150-$250 an hour.  Therefore, an hourly rate of $250 for work performed by Friedman is appropriate in this case.

Plaintiff responds that the Court should determine what is a reasonable hourly rate not by looking to awards previously given in specific cases, but by determining the prevailing market rate.  In support of $300 an hour as a reasonable hourly rate, Plaintiff offers the affidavit of David B. Tachau, a Louisville lawyer, who explains that $300 an hour is well within the range of

3

fees charged by lawyers with several years of federal litigation experience.

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 897 (1984)). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007). In the Sixth Circuit, "the district court has the discretion to choose either current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees." *Id.* at 617.

Here, the Court finds $300 an hour to be a reasonable hourly rate for Friedman. The Court bases its decision on Friedman's considerable constitutional litigation experience and Tachau's affidavit explaining that an hourly rate of $300 is comparable to that charged by other attorneys practicing in Louisville with a commensurate level of skill and experience. Because the history of this litigation is short, the Court finds no reason to apply a lower, "historic" rate.

Second, Defendant objects that the number of hours claimed by Friedman are excessive. Defendant argues that Friedman's role was primarily advisory and unnecessary given the additional advisory roles played by other senior attorneys in this case. Therefore, Defendant requests that all of Friedman's billable hours prior to April 18, 2008 - when Friedman became

actively involved in negotiations between the two parties - be disallowed as excessive and redundant.  Plaintiff responds that Friedman played a significant role in substantively reviewing all the motions presented before the Court.

Friedman's time sheets reveal that the majority of his time was spent reading and responding to emails discussing litigation strategy and logistics.  Friedman began to play a more active role in the later months of 2008 when he participated in settlement negotiations between the parties, prepared the parties' joint motion, and drafted the motion for attorney fees now before the Court.  The Court is persuaded that Friedman played a unique role as general counsel of the ACLU, contributing both his oversight as an experienced constitutional litigator and as a senior administrator.  For these reasons, the Court finds that Plaintiff's request of 32.5 hours for the work performed by Friedman is reasonable.

### B.  Harrison

Plaintiff requests a $300 hourly rate for 52.1 hours of work performed by attorney Jack B. Harrison.  Under the lodestar method, this calculates to $15,630 in attorney fees.  Harrison served as lead counsel for Plaintiff.  He is a partner in the law firm of Frost Brown Todd, LLC ("FBT"), located in Cincinnati, Ohio, and spends a significant portion of his civil trial practice litigating constitutional issues.  He is admitted to practice law in both Kentucky and Ohio.  As the partner in charge, he supervised the work of other FBT associates involved in this matter, including attorneys Patricia Foster, Ali Razzaghi, Elizabeth Lenhart, and paralegal Taylor Ebelhar.  Harrison's affidavit states that his standard billable rate is $325 an hour.

Defendant makes several objections.  First, Defendant requests a $50 reduction in Harrison's hourly rate.  Defendant relies on the same arguments he made in regard to Friedman's

hourly rate. Given Harrison's previous litigation experience and relying on Tachau's affidavit, the Court finds that $300 an hour is a reasonable rate.

Second, Defendant objects to discrepancies in the calculation of Harrison's time sheets. The Court has reviewed Harrison's submitted time sheets and concludes that he devoted a total of 55.6 hours to the case. Defendant also objects to time spent on media relations for FBT and the ACLU. Plaintiff does not oppose deducting the time Harrison spent on media relations. Therefore, the Court deducts 3 hours from Harrison's total billable hours to discount the time he spent reviewing press releases on 7/26/07 and 3/14/08.[1]

Third, Defendant objects to the 0.7 hours Harrison spent on 8/2/07 finalizing and filing the motion for preliminary injunction. As Defendant correctly points out, Plaintiff's motion for summary judgment was filed with the Court on July 20, 2007. Therefore, Harrison could not have finalized and filed the motion on August 2, 2007. Accordingly, the Court deducts the 0.7 hours Harrison billed on that date from his total billable hours.

Finally, Defendant requests a forty percent reduction in Harrison's total remaining billable hours. Defendant argues that this reduction is necessary to ameliorate unreasonable, duplicative or excessive billing. Specifically, Defendant objects to Harrison's billing for time spent in a conference with Razzaghi on one day, and then for a separate conference with Foster on the next. Defendant argues that instances such as these, where one conference with both associates present would have been sufficient, are redundant. Defendant also objects to the

---

[1] The deduction of 1.6 hours on 7/26/07 is also appropriate because, in addition to time spent reviewing press releases, Harrison claims to have finalized the complaint on that date. However, as Defendant correctly points out, the complaint was filed with the Court on July 18, 2007. Therefore, Harrison should not be compensated for finalizing the complaint on July 26, 2007.

billing of email communications between the FBT attorneys regarding the general status of the case as redundant. Finally, Defendant objects to the time spent by Harrison prior to filing of the complaint as excessive. Harrison reviewed research performed by Foster as far back as August 2006, despite the filing of the complaint almost a year later in July 2007. Defendant argues that the issues presented in this action were not so complex as to warrant the expenditure of as many hours as Harrison spent reviewing research.

The lodestar amount may be adjusted up or down under the twelve factor test set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The twelve factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 472, n.3. "'Hours may be cut for duplication, padding, or frivolous claims' by the 'arbitrary but essentially fair approach of simply deducting a small percentage of the total hours.'" *Kentucky Restaurant Concepts Inc. v. City of Louisville*, 117 Fed. App'x 415, 2004 WL 2756966, at *3 (6th Cir. 2004) (quoting *Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 636-37 (6th Cir.1979)).

The Court finds that a twenty percent (20%) reduction of Harrison's remaining billable

hours is appropriate. Harrison spent a total of 12.1 hours reviewing research performed by FBT associates in 2006 alone. While recognizing the complexities inherent to constitutional litigation, the equal protection analysis in this case was relatively straightforward. Plaintiff emphasizes the novelty of the issue presented in a post-September 11th world, but the Court is unpersuaded that this greatly augmented the amount of preliminary research necessary in this case. In addition, the Court is persuaded that certain redundancies in inter-firm communications could have been avoided. When all these considerations are taken into account, the Court finds that Harrison's total billable hours should be reduced to 41.5 hours, which reflects a deduction of 10.4 hours (51.9 hours x 20%) from Harrison's remaining total of 51.9 billable hours (55.6 - 3.7 hours).

### C. Foster & Razzaghi

Plaintiff requests $180 an hour for 70.6 hours of work performed by attorney Patricia A. Foster and $175 an hour for 76.6 hours of work performed by attorney Ali Razzaghi. When calculated together using the lodestar method, this amounts to $26,113 in attorney fees. Foster and Razzaghi are both associates at FBT. Foster and Razzaghi graduated from law school in 2005 and 2006, respectively, and are licensed to practice law in Ohio.

Defendant makes several objections. First, Defendant argues that the hourly rates for Foster and Razzaghi should be reduced to $150 an hour to reflect the lower end of the Louisville market rate applied by the court in *Elliot* because Foster and Razzaghi have practiced for less than three years. Plaintiff again cites to Tachau's affidavit to argue that $180 and $175, respectively, reflect current Louisville market rates for associates in larger law firms. The Court finds that Foster and Razzaghi are entitled to hourly rates of $180 and $175, respectively. The

Court bases its decision in part on the information provided in Tachau's affidavit and in part on Defendant's exclusive reliance on the court's decision in *Elliot* to conclude that $150 an hour is a more appropriate hourly rate. Defendant has presented no other argument for why $150 an hour better reflects what is adequately compensatory to attract competent counsel. Because Plaintiff has met his burden, the Court finds no reason to reduce Foster and Razzaghi's hourly rates.

Second, Defendant argues that, like Harrison, Razzaghi's time entries pertaining to media relations should be deducted from her total billable hours. Plaintiff does not object to this deduction. Therefore, the Court deducts 1.2 hours from Razzaghi's total billable hours for the time she spent on 7/18/07 and 7/19/07 reviewing an ACLU press release.

Finally, the Court finds that a twenty percent (20%) reduction of Foster and Razzaghi's remaining total billable hours is appropriate. This reduction is appropriate in light of multiple objections raised by Defendant concerning minor redundant or excessive billing claims and Defendant's overall request that, like Harrison, Foster and Razzaghi's total billable hours be reduced by forty percent. In particular, the Court notes that combined, Foster and Razzaghi billed approximately 75 hours for research performed prior to January 1, 2007. The Court is persuaded for the same reasons it stated above for Harrison that this reduction accurately accounts for the redundancies and excessive billing cited by Defendant. Accordingly, the Court reduces Foster's total billable hours by 14.1 hours (70.6 hours x 20%) to 56.5 hours and Razzaghi's remaining total billable hours by 15.1 (75.4 hours x 20%) to 60.3 hours.

**D. Sharp**

Plaintiff requests $180 an hour for 17.7 hours of work performed by attorney William E.

Sharp. Under the lodestar method, this amounts to $3,186 in attorney fees. Since May 2007, Sharp has served as a staff attorney for the American Civil Liberties Union of Kentucky. He has eight years of litigation experience.

Defendant requests a $5 reduction in Sharp's hourly rate. Defendant argues that, although Sharp has eight years of litigation experience, his affidavit reflects no specialized training or experience in civil rights matters. Therefore, Sharp should receive an hourly rate of $175. Given the Court's previous determination that Foster and Razzaghi are entitled to $180 and $175 hourly rates, respectively, and the fact that both Foster and Razzaghi have less than three years of litigation experience, the Court finds no compelling reason to reduce Sharp's requested hourly rate by $5 when he has eight years of litigation experience. Therefore, the Court finds that Sharp's $180 hourly rate is reasonable.

Defendant argues that Sharp's billable hours are unreasonable and duplicative. Specifically, Defendant argues that the majority of Sharp's billable time was spent reviewing emails and documents. Because he did not prepare any pleadings or motions, and in light of the work already being performed by two experienced counsels of record, Friedman and Harrison, and two associates, Foster and Razzaghi, Defendant questions the contribution Sharp made in this case. Defendant also objects to the time Sharp spent reviewing press releases. For these reasons, Defendant objects to all of Sharp's hours.

Plaintiff responds that Sharp played an active role in devising strategy and assessing the posture of Plaintiff's case and performed much of this work through email communications with other counsel. Plaintiff does not object to deducting the time Sharp spent reviewing press releases.

Having reviewed Sharp's time records, the Court finds that the nature of his involvement in this litigation was primarily advisory. The vast majority of Sharp's time was spent reviewing and responding to emails. Plaintiff does not substantiate the work performed by Sharp other than by stating that it was necessary. While the Court is persuaded that Sharp played a role in facilitating communication among the various parties involved, it is convinced that Sharp's role was often duplicative of work performed by other senior attorneys in this case. For these reasons, the Court finds it appropriate to reduce Sharp's total billable hours by fifty percent (50%). The Court also reduces the total billable hours by 1.2 hours for the time Sharp spent reviewing and preparing press releases. Accordingly, the Court reduces Sharp's total billable hours to 8.3 hours (16.5 hours x 50%).

### E. Costs

Plaintiff requests $2,193.87 for litigation expenses including filing fees, computerized research costs, long distance telephone calls, postage and copying costs. Defendant objects to payment of Plaintiff's online research, PACER, and "miscellaneous expenses" fees, and requests additional substantiation for what Defendant characterizes as excessive copying fees. For example, Defendant cites a charge of $96 for copying performed on 11/1/2006. Plaintiff does not object to the deduction of all PACER and "miscellaneous expenses" fees. Therefore, the Court will deduct these fees. However, Plaintiff contends that its request for computerized research, telephone and copying costs is reasonable.

In *Northcross v. Board of Education of Memphis City Schools*, the Sixth Circuit held that "[t]he authority granted in section 1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are

normally charged to a fee-paying client, in the course of providing legal services.  Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988."  611 F.2d 624, 639 (6th Cir. 1979).

      Defendant cites *King v. Floyd County Board of Education* in support of his argument that he should not have to pay the costs associated with Plaintiff's computerized legal research.  5 F.Supp.2d 504 (E.D. Ky. 1998), *overruled on other grounds by* 228 F.3d 622 (6th Cir. 2000).  In *King*, the district court concluded that the defendant should not have to pay for plaintiffs' counsel's Westlaw charges because the cost of research is factored into the attorney's hourly rate.  *Id.* at 509.  The Sixth Circuit has yet to address the issue of whether costs associated with computerized legal research are recoverable under § 1988.[2]  However, other circuit and district courts have awarded the costs associated with computerized research.  *See Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F.Supp.1017, 1023 (N.D. Ohio 1997) (compiling cases).

      The Court finds that Plaintiff's request for costs associated with computerized legal research is reasonable.  Furthermore, Plaintiff's request for $113 for copying costs does not appear to the Court to be excessive.  For these reasons, the Court deducts only the costs associated with PACER and "miscellaneous expenses" fees in the amount of $65.50 from Plaintiff's total request for costs.

### F.  Time & Preparation of Request for Attorney Fees

Plaintiff's counsel may recover attorney fees for the time and preparation taken to request

---

[2] In *Texler v. County Board of Summit Board of Mental Retardation & Developmental Disabilities*, the Sixth Circuit held that the district court did not abuse its discretion in declining to award fees associated with LEXIS research as taxation of costs under 28 U.S.C. § 1920.  25 F.3d 1050, 1994 WL 252938, at *9-10 (6th Cir. 1994).

attorney fees. *See Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). However, a prevailing party's request for time spent preparing his request for fees may not exceed three percent (3%) of the hours spent in his main case. *Id.; see also Auto Alliance Intern., Inc. v. U.S. Customs Service*, 155 Fed. App'x 226, 2005 WL 3149673, at *3 (6th Cir. 2005) ("This Court's general rule is that, in the absence of unusual circumstances, the "fees for fees" recovery should not exceed three percent of the hours in the main case which is decided without trial.").

The Court does not find, nor does Plaintiff argue, that unusual circumstances compel the Court to apply a higher percentage rate. Twenty-two hours of the legal work performed by Friedman, Razzaghi, Harrison, and Sharp was spent on matters related to attorneys fees.[3] Plaintiff's original request for attorneys fees was for 252.1 hours of work expended. Three percent of 252.1 hours is 7.6 hours. Therefore, the Court will only allow compensation for 7.6 hours of work related to attorney fees, electing to deduct 14.4 hours from Friedman's total of 16.3 hours spent on researching and drafting Plaintiff's motion for attorney fees and reply brief.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees and Costs is **GRANTED in part and DENIED in part**. In sum, Plaintiff is entitled to an attorney fee award of **$44,545.87**.

The Court calculates Plaintiff's award as follows:

Attorney David A. Friedman          25.1 hours x $300 an hour     $7,530.00

---

[3] Friedman billed 16.3 hours for researching and drafting Plaintiff's motion for attorney fees and reply brief. Harrison billed 3.3 hours for reviewing and responding to emails regarding attorney fee issues. Razzaghi billed 1 hour reviewing emails regarding attorney fees. Sharp billed 1.4 hours for reviewing emails re: time computation and assembling his time sheets.

| | | |
|---|---|---|
| Attorney Jack B. Harrison | 41.5 hours x $300 an hour | $12,450.00 |
| Attorney Patricia A. Foster | 56.5 hours x. $180 an hour | $10,170.00 |
| Attorney Ali Razzaghi | 60.3 hours x $175 an hour | $10,552.50 |
| Attorney William Sharp | 8.3 hours x $180 an hour | $1,494.00 |
| Paralegal Taylor A. Ebelhar | 2.6 hours x $85 an hour | $221.00 |
| Costs | | $2,128.37 |
| | | Total: $ 44,545.87 |

An appropriate order shall issue.